# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Levoyd Reed, | Case No. 2:19-cv-00326-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| James Dzurenda, et al., | |
| Defendants. | |

Upon plaintiff David Levoyd Reed's motion, the Court directed the U.S. Marshal to effect service upon defendants Paul Karsky and Julio Corral-Lagarda using the last-known addresses that the Nevada Attorney General filed under seal at ECF No. 21. ECF No. 31. The U.S. Marshal attempted service at those addresses, but defendants were not found there.

Reed still proceeds in forma pauperis and he is therefore entitled to the Court's aid in issuing and serving all process, but only if he provides sufficient information to effect that service. Thus, Reed will have 14 days from today's order to provide alternative addresses where the U.S. Marshal can attempt service on Karsky and Corral-Lagarda. If Reed fails to provide this information, the Court will recommend to the district judge that Karsky and Corral-Lagarda be dismissed without prejudice.

**I.     Background.**

Reed initiated this matter with an application for leave to proceed in forma pauperis and an accompanying complaint asserting claims under 42 U.S.C. § 1983. ECF No. 1. Reed brought certain claims against defendants Paul Karsky and Julio Corral-Lagarda, and those claims survived screening by the district judge. ECF No. 13 at 19.

This Court granted IFP status to Reed and ordered that service be complete by February 2020. ECF No. 19. Nevada's Office of the Attorney General declined to accept service on behalf

of Karsky and Corral-Lagarda. Instead, the Attorney General filed those defendants' last-known addresses under seal at ECF No. 21.

Reed filed a motion for service upon Karsky and Corral-Lagarda. ECF No. 23. The Court granted this motion, extended the time for service, and directed Reed to send two USM-285 forms to the U.S. Marshal. *See* ECF No. 31.

The U.S. Marshals Service received the USM-285 forms, but it has since returned the summonses to the Court **unexecuted.** ECF Nos. 45 & 47.[1] The record reflects that the U.S. Marshal thrice attempted service upon Karsky and twice upon Corral-Lagarda, using the correct last-known addresses filed under seal at ECF No. 21. ECF Nos. 45 & 47. However, the service attempts were unsuccessful because the defendants do not reside at the last-known addresses.

**II.    Discussion.**

When a party proceeds in forma pauperis ("IFP"), the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[2] However, an IFP litigant "still bears the burden of providing accurate and sufficient information to effect service of the summons and complaint." *Watkins v. Baum*, 2012 WL 5463125, at *1 (W.D. Wash. Oct. 29, 2012). If an IFP litigant fails to provide this information, then the Court may *sua sponte* dismiss the unserved defendants. *Id.* (citing *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (quotation omitted), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 418 (1995)).

Here, the Court directed the U.S. Marshal to effect service upon Karsky and Corral-Lagarda using the information that the Nevada Attorney General filed under seal at ECF No. 21. Service could not be effected because the defendants no longer live at the sealed addresses. Therefore, Reed must provide the information necessary to effect service upon Karsky and

---

[1] Reed could not have known that the summonses were returned unexecuted because the returned summonses were filed under seal. *See* ECF Nos. 45 & 47.

[2] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

Corral-Lagarda. The Court will give Reed 14 days from today's order to provide that information to the Court. If Reed cannot provide that information, then the Court will issue a recommendation to the district judge that Karsky and Corral-Lagarda be dismissed from this matter without prejudice.

### III. Conclusion.

IT IS THEREFORE ORDERED that Reed has 14 days from today's order to provide addresses where defendants Paul Karsky and Julio Corral-Lagarda can be served. If Reed fails to provide this information, then the Court will recommend to the district judge that Karsky and Corral-Lagarda be dismissed without prejudice.

DATED: October 16, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE