**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

David Levoyd Reed,

Plaintiff,

v.

James Dzurenda, et al.,

Defendants.

Case No. 2:19-cv-00326-JAD-BNW

**ORDER**

Before the Court is an unopposed motion by plaintiff David Levoyd Reed for the issuance and service of a subpoena duces tecum. ECF No. 55. Reed's subpoena is narrowly tailored and seeks the production of discoverable information that is not otherwise available to him via a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure. As a result, his motion will be granted.

**I. Background**

Reed initiated this matter with an application for leave to proceed in forma pauperis and an accompanying complaint asserting claims under 42 U.S.C. § 1983. ECF No. 1. Reed brought several claims against Karsky, and at least one of those claims survived screening by the district judge. ECF No. 13 at 19. The Court granted IFP status to Reed and ordered that service be complete by February 2020. ECF No. 19.

Nevada's Office of the Attorney General declined to accept service on behalf of Karsky. Instead, the Attorney General filed Karsky's last-known address under seal at ECF No. 21. Reed filed a motion for service upon Karsky in December 2019. ECF No. 23. The Court granted this motion, extended the time for service, and directed Reed to send a USM-285 form to the U.S. Marshal. *See* ECF No. 31.

The record reflects that the U.S. Marshal thrice attempted service upon Karsky using the correct last-known address filed under seal at ECF No. 21. ECF No. 47. However, the service

attempts were unsuccessful because Karsky no longer resides at the last-known address provided to the Court. *Id.* (stating that the Karsky's summons could not be executed because Karsky "does not reside at" the targeted address).

Because of these unsuccessful service efforts, Reed filed a notice informing the Court of a possible address where Karsky could be served. ECF No. 51. The Court directed the U.S. Marshals Service to attempt service upon Karksy at the address provided by Reed. ECF No. 52. However, the U.S. Marshals Service again returned the summons unexecuted because it learned, through the service attempt, that Karsky "no longer resides in Nevada" and is instead "[e]mployed and liv[ing] in Arizona." ECF No. 54.

In apparent response to the U.S. Marshal's unsuccessful service attempt, Reed filed the underlying motion requesting the issuance of a subpoena directed at the sheriff of the Nye County Sherriff's Office. ECF No. 55. Reed represents that Karsky previously worked for the Nye County Sherriff's Office as a deputy. Through his proposed subpoena, Reed seeks to have the sheriff produce Karsky's last-known residential and mailing addresses. ECF No. 62.

**II. Discussion**

The Federal Rules provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The parties may obtain discovery from nonparties, but only through a subpoena under Rule 45. *Lugo v. Fisher*, 2020 WL 3964982, at *1 (E.D. Cal. July 13, 2020) (citing Adv. Comm. Note. To 1991 Amendment to Fed. R. Civ. P. 45).

A Rule 45 subpoena must be personally served upon the subpoenaed nonparty. Fed. R. Civ. P. 45(b)(1). And when a litigant proceeds IFP, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Therefore, Rule 45 and § 1915(d) work in tandem to require the Court to issue and serve an IFP litigant's Rule 45 subpoena. *Hisle v. Conanon*, 2019 WL 1924430, at *2 (E.D. Cal. Apr. 30, 2019).

That said, the issuance of a subpoena for an IFP litigant is subject to limitations. *Alexander v. Calif. Dept. of Corrections*, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010). Because personal service is required, "[d]irecting the Marshal's Office to expend its resources

personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008). Rule 45, after all, was "not intended to burden a nonparty with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Therefore, the Court will direct the issuance and service of a subpoena only if four conditions are met: (1) the documents must be relevant and proportional under Rule 26(b)(1); (2) the documents sought from the nonparty must not be equally available to plaintiff and must not be obtainable from defendants through a request for production of documents under Rule 34; (3) the proposed subpoena must specifically identify the documents sought and from whom; and (4) the movant must make a showing in the motion that the records are obtainable only through that third party. *Jeffery v. Bennge*, 2008 WL 4584786, at *1 (E.D. Cal. Oct. 14, 2008).

Here, through a slight alteration of Reed's proposed subpoena, the four-part test is met.

Beginning with the first condition, the Court's starting point is the information sought in the proposed subpoena. The subpoena seeks the forwarding address of defendant and former deputy sheriff Paul Karsky, "including but not limited to name; state; county; city; town; street; block; surrounding counties in said state and county of Paul Karsky; and all newspapers; media outlets." ECF No. 62. At bottom, it appears that Reed seeks Karsky's last-known address so that Reed can try to effectuate service. It is well established that Rule 45 is a permissible means to accomplish this goal. *See, e.g.*, *Berlin Media Art E.K. v. Does 1 through 146*, 2011 WL 4056167, at *2 (E.D. Cal. Sept. 12, 2011) (granting leave to allow plaintiff to serve a Rule 45 subpoena seeking "information sufficient to identify each Doe defendant by name, current and permanent address, telephone number, and email address"); *IO Group, Inc. v. Does 1–65, individuals*, 2010 WL 4055667, at *3 (N.D. Cal. Oct. 15, 2010) (authorizing service of a Rule 45 subpoena seeking "documents sufficient to identify the names, addresses, telephone numbers, and e-mail addresses associated with the sixty-five IP addresses identified in the complaint.").

However, the Court is uncertain why Reed's proposed subpoena calls for the production of "newspapers" and "media outlets." To the extent Reed would like this information so that he can later seek to serve Karsky by publication, this request is denied because the subpoenaed party

is not obligated to research what newspapers or media outlets surround Karsky's news residence. To the extent Reed seeks this information for a different purpose, the request is denied because Reed did not explain what this purpose was. With this alteration to Reed's subpoena, Reed meets the first of four conditions.

Reed likewise meets the second condition. The Court has already asked Nevada's Office of the Attorney General to file Karsky's last-known address under seal, and the Attorney General complied. ECF No. 21. The U.S. Marshal attempted service at that address without success. ECF No. 47. Because the Attorney General was previously ordered by the Court to file Karsky's last-known address, a request under Rule 34 is likely to be fruitless. Further, it is obvious to the Court that Reed does not have access to Karsky's last-known address. As a result, Reed satisfies the second condition for issuance and service of his subpoena because the documents sought are not equally available to him and are not discoverable via a request under Rule 34.

Reed satisfies the third condition, too. Reed's proposed subpoena—subject to the alteration discussed above—clearly identifies the documents sought (i.e., documents evidencing Karsky's last-known mailing and residential addresses), and from who (i.e., the sheriff of the Nye County Sherriff's Office).

Finally, Reed also satisfies the fourth condition because it appears that Karsky's last-known address is available to Reed only through the Nye County Sherriff's Office. Reed represents that Karsky formerly worked as a deputy sheriff for Nye County. ECF No. 62. It is likely that the Nye County sheriff has access to documents evidencing the last-known address of a former employee of the Nye County Sheriff's Office. As stated, neither of the parties in this matter has access to this information (and the Attorney General declined to respond to Reed's motion). And the Court can discern no other source from which Reed can obtain these documents.

In sum, the four conditions are met and the Court will direct the issuance and service of Reed's subpoena. The documents will be produced to the Clerk of Court, who, in turn, will file the documents under seal on the record. However, the Court warns plaintiff that even when a litigant proceeds IFP, the litigant "remains responsible . . . to pay all fees and costs associated

with the subpoenas." *See, e.g.*, *Turner v. Ralkey*, 2021 WL 135855, at *3 (W.D. Wash. Jan. 13, 2021) (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989)). This limitation in Reed's IFP status was conveyed to him when the Court issued its order granting IFP status. ECF No. 19 at 1.

## III. Conclusion

IT IS THEREFORE ORDERED that Reed's motion for issuance of subpoena (ECF No. 55) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send plaintiff one USM-285 form. Plaintiff is responsible for providing an address where his subpoena can be duly served.

IT IS FURTHER ORDERED that plaintiff must send the USM-285 form to the U.S. Marshals Service within two weeks after he receives it.[1]

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue a single subpoena (form AO 88B) addressed to the Sherriff of the Nye County Sherriff's Office commanding the production of "documents evidencing the last-known mailing and residential addresses of former Deputy Sherriff Paul Karsky." The place of production shall be "U.S. District Court, District of Nevada, 333 Las Boulevard South, Las Vegas, Nevada 89101." The date and time for production shall be on or before "2 weeks following service of the subpoena at 5:00 PM." The Clerk of Court is directed to list Reed's record information on the space where the subpoena requires the name, address, email address, and telephone number of the individual requesting the subpoena.

IT IS FURTHER ORDERED that upon receipt of the documents produced in response to the subpoena, the Clerk of Court shall file the documents under seal and ensure that each party receives a copy.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send the U.S. Marshals Service a copy of this order and the issued subpoena.

---

[1] The U.S. Marshals Service's office in the District of Nevada is located at: 333 Las Vegas Boulevard South, Suite 2058, Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED that upon receipt of plaintiff's USM-285 form, the U.S. Marshals Service shall attempt service of plaintiff's subpoena in accordance with 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that pursuant to Rule 45(a)(4), the parties are placed on notice that Reed's subpoena duces tecum will issue and be served on the Sherriff of the Nye County Sherriff's Office.

DATED: January 27, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE