# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Levoyd Reed,<br><br>    Plaintiff,<br><br>v.<br><br>James Dzurenda, et al.,<br><br>    Defendants. | Case No. 2:19-cv-00326-JAD-BNW<br><br>**Order re [70], [88]** |

Before the Court is a motion by plaintiff David Levoyd Reed requesting: (1) a stay; (2) more time and discovery; (3) issuance of subpoenas; and (4) denial of defendants' motion for summary judgment. ECF No. 70. Reed filed an appendix of exhibits in support of his motion. ECF No. 87. And defendants filed a response at ECF No. 84.

The Court assumes the parties' familiarity with the procedural history, claims, and facts in this matter. For the reasons below, Reed's motion will be denied, and the March 4, 2021 hearing on Reed's motion will be vacated. Because the hearing will be vacated, the Court will likewise deny as moot Reed's motion at ECF No. 88 requesting the presence of a witness at the hearing.

**I.  Background**

Reed—an inmate currently in the custody of the Nevada Department of Corrections—initiated this matter with an application for leave to proceed in forma pauperis and an accompanying complaint asserting claims under 42 U.S.C. § 1983. ECF No. 1. Discovery in this matter was originally set to close on September 8, 2020. ECF No. 28. However, upon Reed's motion, the Court extended discovery to December 8, 2020. ECF No. 48. As such, the deadline within which to complete discovery has been closed for almost two months.

## II. Discussion

### A. Request for discovery and subpoenas

As mentioned earlier, the deadline for discovery has passed. Thus, in order to engage in additional discovery, Reed must first obtain permission form this court to re-open discovery. When assessing a motion to amend a scheduling order and reopen discovery, a court considers six factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

As an initial matter, the Court notes that in Reed's argument, he cites authorities only in support of his request that defendants' summary-judgment motion be denied. ECF No. 70 at 10–13. Under the Local Rules, "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).  Here, the Court has reviewed Reed's motion and finds that he failed to include any points and authorities to support his requests for discovery or subpoenas.  The Court construes this omission as Reed's consent to the denial of his motion.  Therefore, the motion is denied on this first basis.

Even if this court were to overlook Reed's failure to file the proper points and authorities, it would still deny the request on the merits after applying the factors set forth above.  Defendants oppose Reed's request explaining that they have already filed a dispositive motion and would thus be prejudiced by having to engage in additional discovery. In addition, Reed has not been diligent in obtaining discovery. As stated, in September 2020 the Court extended the discovery schedule to December 8, 2020. ECF No. 48. Reed describes that on *December 24, 2020*, he was removed from his unit at High Desert State Prison after he kicked his door and broke a padlock attached to it. ECF No. 70 at 5.  He returned to his unit less than a week later but he was informed that—in the intervening period—certain individuals entered his cell and gave or threw away some of his property, including legal materials.  However, these events occurred more than two weeks *after* discovery had closed and they do not explain how Reed diligently conducted discovery

during the extended discovery period.  Further, there is no suggestion that an unforeseen event prompted the need for additional discovery.

Reed's motion also describes that in November 2020 he filed a grievance with the prison because he was limited to making one phone call each week. ECF No. 70 at 4.  The Court finds, however, that this is insufficient to establish diligence because Reed does not explain how this limitation impacted his ability to engage in the discovery process.  In fact, despite this limitation Reed filed a motion requesting the issuance of a subpoena in December 2020 during the extended discovery period, which this Court granted. ECF Nos. 55 and 71. Moreover, the Court has reviewed the subpoenas Reed requests be issued. ECF Nos. 70-1 through 70-5.  The court in its discretion agrees with Defendants that the discovery sought by the subpoenas is not relevant to the case at hand.

The only factor in Reed's favor is that trial has not been set on this matter. After balancing all of the relevant factors, Reed's request to re-open discovery will be denied.

**B.  Request for more time**

Reed's motion contains a request for "more time."  The Court construes Reed's motion as one to extend the time for his response to defendants' motion for summary judgment.

Defendants' summary-judgment motion was filed on January 21, 2021. ECF No. 63. Reed states that the district judge issued a minute order requiring him to file a response to this motion by February 12, 2021. ECF No. 70; *see also* ECF No. 69.  However, Reed argues that because he was removed from his unit and separated from his legal materials, he would be unable to meet the district judge's deadline.

A deadline imposed by the Court can be extended on the basis of good cause. Fed. R. Civ. P. 6(b).  The Rule 6(b) good-cause standard is not rigorous, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010).  The Ninth Circuit has directed that Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.").

Here, Reed's explanation for requiring more time is sparse, but the Court in its discretion finds that Reed meets the non-rigorous standard for an extension of the time to file his response to defendants' summary-judgment motion.  Further, the Court finds that the extension serves the just speedy, and inexpensive determination of this proceeding and would aid the district judge in resolving this matter on the merits.  *See* Fed. R. Civ. P. 1.

The Court notes that Reed filed a response to the summary-judgment motion on March 1, 2021. ECF No. 92.  The deadline for Reed's response is extended up to and including this date.[1]  The court further notes that to the extent Reed's appendix of exhibits at ECF No. 87 was filed in support of the opposition to defendants' motion for summary judgment, he must ensure that he has also included those arguments (and supporting evidence) in his response at ECF No. 92.  If Reed needs to supplement his response, he must request to do so by way of motion.

**C.  Request for a stay**

As with the previous requests for relief, the Court finds that Reed failed to include points and authorities in support of his request for a stay.  Instead, Reed's argument focuses entirely on why defendants' summary-judgment motion should be denied.  Therefore, the Court first denies Reed's request for a stay under LR 7-2(d) ("[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").  But, as explained below, Reed's request will be denied on the merits, too.

It is unclear to the Court whether Reed seeks a stay of discovery or stay of proceedings.  As noted above, discovery in this matter closed in December 2020.  Therefore, to the extent Reed seeks a discovery stay, this request is denied.

---

[1] The Clerk of Court docketed the underlying motion as a response to defendants' summary-judgment motion. *Compare* ECF No. 70 *and* ECF No. 73.  Thus, according to the docket, Reed filed responses to the summary-judgment motion at ECF No. 73 on January 27 **and** at ECF No. 92 on March 1.  Because Reed explicitly stated in the underlying motion that he would be unable to meet the district judge's deadline for a response to the summary-judgment motion, ECF No. 70 at 7:24–7:26, the Court nonetheless finds good cause to extend the deadline for Reed's response up to and including March 1.  Ultimately, the district judge will decide which filing(s) she will construe as Reed's response and, if applicable, whether Reed's "response" at ECF No. 92 constitutes a surreply.

Regarding a stay of proceedings, the trial court has the discretionary power to stay proceedings in its own court. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Thus, the Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 869 (9th Cir. 1979). "If there is even a fair possibility that the stay . . . will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Hosp. of Barstow, Inc. v. Sebelius*, 2012 WL 893784, at *2 (C.D. Cal. Mar. 13, 2012) (cleaned up) (citing *Landis*, 299 U.S. at 255). Further, being required to defend a suit—without more—does not constitute a clear case of hardship or inequity. *Id.*

Here, the Court in its discretion find that a stay of proceedings is inappropriate in this matter. To begin, Reed argues in his request that the Court should issue an indefinite stay until he is released from prison or transferred to the Clark County Detention Center. Reed directs the Court to a motion for preliminary injunctive relief that he filed in case number 2:18-cv-01847-APG-DJA. In that case, Reed asked the district judge to issue an order transferring him to the Clark County Detention Center or releasing him.[2] But the district judge has since denied Reed's motion.[3] More importantly, however, the Court can discern no hardship or inequity that Reed would suffer should his request for a stay be denied.

Further, a stay would result in hardship to defendants. Defendants have been involved in this case since September 2019. They have engaged in the discovery process and have a dispositive motion pending before the district judge. *See* ECF No. 63. And, as defendants point out, the longer this matter goes on, the greater the chances that the memories of relevant witnesses will fade.

---

[2] *Reed v. North Las Vegas Police Dep't*, 2:18-cv-01847-APG-DJA, ECF No. 59 at 1.

[3] *Id.*

With these considerations in mind, the Court finds that a stay is not efficient for the Court's docket or the fairest course of action in this matter. Therefore, Reed's request for a stay will be denied.

### D. Request to deny defendants' motion for summary judgment

Reed's motion requests denial of defendants' motion for summary judgment. This motion (and Reed's response(s) to it) are currently pending before the district judge. Therefore, this Court will not consider alternative points against the summary-judgment motion and will instead reserve them for the district judge's consideration at a later date.

### E. Motion for writ of habeas corpus (ECF No. 88)

Reed's motion at ECF No. 88 asks the Court to issue an order requiring the presence of Reed's fellow detainee at the March 4, 2021 hearing. Because the Court's written order resolves all the matters set for the March 4 hearing, the hearing will be vacated. As a result, Reed's request for a writ will be denied as moot.

Further, the Court emphasizes that were the March 4 hearing still set to occur, the Court would still deny Reed's motion on the merits. The March 4 hearing was not intended to be an evidentiary hearing, and the Court did not intend to take the testimony of any witnesses.

## III. Conclusion

IT IS THEREFORE ORDERED that Reed's motion requesting a stay, more time and discovery, and denial of defendants' motion for summary judgment (ECF No. 70) is DENIED.

IT IS FURTHER ORDERED that the March 4, 2021 hearing is VACATED.

IT IS FURTHER ORDERED that Reed's motion for a writ of habeas corpus (ECF No. 88) is DENIED as moot.

DATED: March 4, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE