# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

David Levoyd Reed,

     Plaintiff

v.

James Dzurenda, et al.,

    Defendants

Case No.: 2:19-cv-00326-JAD-BNW

**Order Overruling Objections to Magistrate Judge's Orders and Denying Motions for Injunctive Relief**

[ECF Nos. 50, 85, 100, 102, 103]

     Pro se plaintiff and Nevada state inmate David Reed sues eight correctional officers from the High Desert State Prison, claiming that some officers attacked him in retaliation for filing grievances, others failed to protect him from the attack, and the rest filed false charges against him after the incident.  He objects to various pretrial orders issued by Magistrate Judge Brenda Weksler, asserting in each that he's been denied access to different resources while in prison. And he seeks both a temporary restraining order and preliminary injunction requiring the prison to videotape him every time he leaves his cell and to return certain documents, and for the magistrate judge to be disqualified from this case.  Reviewing the objected-to portions of Magistrate Judge Weksler's orders for clear error, I overrule his objections.  And because his requests[1] for injunctive relief are wholly unrelated to his claims in this case, I deny those motions too.

## I.   Objections to the magistrate judge's orders [ECF Nos. 50, 85, 100]

     Reed objects to three of Magistrate Judge Weksler's pretrial orders, so I apply the same standard of review to each objection.  A district judge may reconsider any non-dispositive matter

---

[1] Reed's motion for a preliminary injunction and motion for a temporary restraining order are identical, so I consider them together.

that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[2]  This standard of review "is significantly deferential" to the magistrate judge's determination.[3]  A district court overturns a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[4] or a relevant statute, law, or rule has been omitted or misapplied.[5]

## A.   Objection to ECF No. 49 [ECF No. 50]

When I screened Reed's complaint, I allowed him to proceed on four claims against various defendants.[6]  But the Nevada Attorney General's office did not accept service on behalf of two defendants, Paul Karsky and Julio Corral-Lagarda.[7]  So the office filed those defendants' last-known addresses to aid in serving them.[8]  After both summonses were returned unexecuted,[9] Magistrate Judge Weksler ordered Reed to provide the addresses where those defendants could be served.[10]  In that order, the magistrate judge explained that while Reed's status as an in forma pauperis litigant afforded him the right to some help with service,[11] that assistance is limited—it is the responsibility of the plaintiff to offer sufficient information for the Marshal to serve the

---

[2] L.R. IB 3-1(a).

[3] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[4] *Id.* (internal quotation marks omitted).

[5] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[6] ECF No. 13 at 19 (screening order).

[7] ECF No. 20 (acceptance of service).

[8] ECF No. 21 (last known addresses).

[9] ECF Nos. 45, 47.

[10] ECF No. 49 at 2–3 (order to provide information).

[11] *Id.* at 2.

defendants.[12]  She noted that if the litigant fails to meet his burden, the court may dismiss those

unserved defendants.[13]  Reed objects to that order, arguing that he's been unable to access the

law library and some of his mail, limiting his ability to seek representation or engage in

discovery.[14]

Reed's objection fails for two reasons.  First, his compliance with Judge Weksler's order,

and submission of an address to the court for service, functionally moots his objection about

being unable to access information to serve Karsky.[15]  Second, his objection does not identify

any error in the magistrate judge's application or recitation of the law.  While do not doubt—and

deeply sympathize with—the hardships Reed faces in litigating from prison, the law nevertheless

puts the burden on him to provide information to serve the defendants he wishes to sue.  Reed

has not offered a reason why the magistrate judge's application of that principle was erroneous,

so I overrule his objection.

**B.    Objection to ECF No. 80 [ECF No. 85]**

At the beginning of this year, Reed moved to stay this case, extend the discovery

deadline, and for several subpoenas.[16]  The defendants' counsel sought a twelve-day extension to

respond to Reed's motion, citing a heavy caseload and various absences that would prevent them

---

[12] *Id.*

[13] *Id.*; *cf. Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (holding that "an incarcerated pro se plaintiff proceeding in forma pauperis" is not penalized for an error in service that is due to the U.S. Marshal, only after "having provided the necessary information to help effectuate service").

[14] ECF No. 50 (objection).

[15] *See* ECF No. 51 (notice of Karsky's last-known address).

[16] ECF Nos. 70 (motion to stay, extend discovery, and issue subpoenas), 73 (response to motion for summary judgment).

from adequately responding to Reed's motion.[17]  Magistrate Judge Weksler granted the request, finding that the defendants had demonstrated good cause to extend the response deadline.[18] Reed objects, arguing that the request was made "in bad faith in violation of Rule 11(b)" and that the prison deprived him of his property and hindered his participation in discovery.[19]  But Reed didn't oppose the defendants' initial motion and, in his objection, fails to provide a reason why the defendants' reasonable request was made in bad faith.  Neither of Reed's arguments demonstrates that Magistrate Judge Weksler's application of Rule 6's "non-rigorous standard"[20] for assessing good cause to extend a deadline was at all erroneous.  So I overrule this objection, too.

### C.    Objection to ECF No. 94 [ECF No. 100]

To resolve Reed's discovery and scheduling motions, Magistrate Judge Weksler set a hearing in which she arranged for Reed's participation.[21]  In anticipation of that hearing, Reed filed a motion to allow another inmate to participate in the hearing who Reed argued could verify his claims.[22]  On the day of the hearing, the magistrate judge issued an order resolving the motions without argument and vacating the hearing.[23]  As part of that order, she denied as moot Reed's motion that dealt with the hearing's logistics.  The magistrate judge added that "were

---

[17] ECF Nos. 77 (motion to extend time), 78 (motion to extend time).

[18] ECF No. 80 (order granting motion to extend time).

[19] ECF No. 85 (objection).

[20] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts.") (citation omitted).

[21] ECF No. 75.

[22] ECF No. 88 (motion for writ of habeas corpus).

[23] ECF No. 94 (order resolving Reed's motions).

the . . . hearing to occur, the Court would still deny Reed's motion on the merits [because it] was not intended to be an evidentiary hearing."[24]  Reed objects to only that portion of the order, arguing that he hoped to discuss his inability to access resources and participate in discovery.[25] Under this court's local rules, oral argument on a discovery motion like Reed's are left to the court's discretion, and not permitted as a right.[26]  Reed offers no authority that suggests otherwise and does not provide any reason why the magistrate judge erred in her decision.  So I overrule his objection to this order, too.

## II.     Motions for injunctive relief [ECF Nos. 102, 103]

Reed seeks a preliminary injunction and temporary restraining order requiring (1) him to be "escorted via video camera [] anytime he exit[s] his cell" and (2) the prison to "file and return all of [his] paperwork."[27]  "A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."[28]  "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally."[29]  Reed's lawsuit centers around an incident that occurred years ago and involves claims for excessive force and retaliation; it has nothing to do with his comings-and-goings from his cell

---

[24] *Id.* at 6.

[25] ECF No. 100 at 1.

[26] L.R. 78-1.

[27] ECF Nos. 102 at 2; 103 at 2.

[28] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

[29] *Id.* at 636.

1   or perceived litigation abuses.  So the injunctive relief that Reed seeks is beyond my power to

2   grant in this case.

3          Even if Reed's injunctive requests were sufficiently related to his claims in this case, he

4   has not shown that the relief he seeks is available under the Prison Litigation Reform Act.  While

5   a court may grant a preliminary injunction under the PLRA, the "relief must be narrowly drawn"

6   and "be the least intrusive means necessary to correct [the] harm."[30]  Reed's request that he be

7   videotaped each time he leaves his cell, regardless of who accompanies him, is sweeping and not

8   narrowly tailored.  So even if he could show an adequate relationship between his request and

9   the complaint, his request extends beyond the scope of an equitable remedy anticipated under the

10   PLRA.

11          Reed also uses his motion to accuse Magistrate Judge Weksler of impropriety, arguing

12   that she is biased in favor of the defendants and should be disqualified from the case for that

13   reason.  Even if I liberally construe Reed's request as a motion for Magistrate Judge Weksler to

14   recuse herself, and assuming that a district judge can compel a magistrate judge to do so, Reed's

15   suspicions of bias rely exclusively on a misreading of the record[31] and present an invalid basis to

16   seek recusal.[32]

---

[30] 18 U.S.C. § 3626 (a)(2).

[31] For example, Reed argues that the defendants' attorney filed something just one minute after Magistrate Judge Weksler issued the scheduling order.  ECF No. 102 at 3.  But the notice he complains of wasn't filed by an attorney, it was issued by the court, which it was required to do under Local Rule IB 2-2.

[32] *See Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1220 (9th Cir. 2014) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion.") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

**Conclusion**

IT IS THEREFORE ORDERED that Reed's objections to the magistrate judge's orders **[ECF Nos. 50, 85, 100] are OVERRULED**.

IT IS FURTHER ORDERED that Reed's motions for a preliminary injunction **[ECF No. 102]** and temporary restraining order **[ECF No. 103] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 14, 2021