# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| David Levoyd Reed,<br><br>     Plaintiff<br><br>v.<br><br>James Dzurenda, et al.,<br><br>     Defendants | Case No.: 2:19-cv-00326-JAD-BNW<br><br>**Order Directing the Filing of the Proposed Joint Pretrial Order; Order Denying Motions in Limine Filed without LR 16-3(a) Certificate**<br><br>[ECF Nos. 137, 138] |

Dispositive motions narrowed this case down to two claims: (1) a First Amendment retaliation claim against Stubbs and Karsky, and (2) an Eighth Amendment excessive-force claim against Stubbs, Karsky, Rivera, and Dicus.[1] In the order dated August 27, 2021, this court stated that the parties' obligation to file their joint pretrial order was tolled until 10 days after the settlement conference.[2] The settlement conference occurred on January 24, 2022, and it did not resolve this case. The parties' joint pretrial order was therefore due yesterday, February 3, 2022, and it was not filed. Reed is reminded that LR 16-3, the local rule that governs joint pretrial orders, obligates the pro se plaintiff to initiate the preparation of the joint pretrial order, which must contain numerous items listed in that rule. The order must be in the format set by LR 16-4.

The court also notes that Reed has filed two motions in limine[3] and a belated response to the September 14, 2021, order to show cause.[4] The court denies the motions in limine without waiting for a response because Reed did not comply with Local Rule 16-3(a), which states that

---

[1] ECF No. 126.
[2] *Id*.
[3] ECF Nos. 137, 138.
[4] ECF No. 139.

"Motions in limine will not be considered **unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action**."[5]  Reed's motions in limine were not accompanied by his certification that he discussed these specific motion arguments with opposing counsel and that discussion did not resolve these issues.  So these motions in limine are denied without prejudice to Reed's ability to file them after he completes that required meet-and-confer process and so certifies to the court.

Reed's show-cause response[6] is fatally untimely.  Back in August, the court ordered Reed to show cause by September 27, 2021, why his claims against yet-unserved Defendants Karsky and Corral-Lagarda should not be dismissed.[7]  On Reed's motion, I extended that deadline to October 27, 2021.[8]  Reed did not show cause, and on November 3, 2021, I dismissed the claims against Karsky and Corral-Lagarda under FRCP 4(m).[9]  Reed's attempt to show cause now—three full months after the claims against these defendants were dismissed—is too little, too late.

**IT IS THEREFORE ORDERED that:**

- Plaintiff David Reed must take immediate action to comply with the local rules and prepare and **file a proposed joint pretrial order**; and

---

[5] L.R. 16-3(a) (emphasis added).
[6] ECF No. 139.
[7] ECF No. 126.
[8] ECF No. 130.
[9] ECF No. 131.

- Plaintiff's motions in limine, filed without the certificate required by LR 16-3(a), **[ECF Nos. 137, 138] are DENIED** without prejudice to their refiling with the required certificate after Reed conducts the required meet-and-confer.

_____
U.S. District Judge Jennifer A. Dorsey
February 4, 2022