CLARK HILL PLLC
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
GIA N. MARINA
Nevada Bar No. 15276
Email: gmarina@clarkhill.com
3800 Howard Hughes Pkwy., #500
Las Vegas, Nevada 89169
Tel: (702) 862-8300
Fax: (702) 862-8400
*Attorney for Plaintiff David Levoyd Reed*
*in conjunction with Legal Aid of Southern Nevada*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEVOYD REED,<br><br>                    Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>                    Defendants. | CASE NO. 2:19-cv-00326-CDS-DJA<br><br>**JOINT PRETRIAL ORDER** |

I.      **NATURE OF THE ACTION**

A.      **BACKGROUND**

This is a civil rights action under 42 U.S.C. §1983. In February of 2019, Mr. Reed, proceeding pro per, filed a lawsuit against various Nevada Department of Corrections employees alleging retaliation, excessive force, failure to protect and due process violations.

The District Court screened his First Amended Complaint.[1] In doing so, the Court dismissed some claims and allowed additional claims to move forward.  Namely, the following claims could proceed:(1) First Amendment retaliation and Eighth Amendment excessive force claims against Defendants Karsky, Stubbs, Rivera and Dicus; (2) Eighth Amendment failure protect claims proceed against Defendants Corral-Lagarda and Grant and (3) Fourteenth

---

[1] ECF 13.

1   Amendment disciplinary due process violations against Defendants Moreda and Brown.

2         The Defendants filed a Motion for Summary Judgment.[2] After briefing, the court entered

3   an order on August 27, 2021 granting the motion in part and denying in part.[3] Additionally, on

4   November 3, 2021, the court dismissed Mr. Reed's claims against Defendants Karsky and Corral-

5   Lagarda for failure to timely serve them.[4]

6         On March 4, 2022, Mr. Reed received counsel for purposes of trial only through the

7   Federal Pro Bono Program.

8       **B.    REMAINING PARTIES AND ISSUES FOR TRIAL**

9           **1.   Remaining Claims**

10

11       Based on the district court's various orders throughout this litigation, the following

12   claims and parties remain in this litigation.

13   ***Count 1***

14   ***42 U.S.C. §1983 claim – Excessive Force*** - Whether Defendants Stubbs, Rivera, and
    Dicus violated Mr. Reed's Eighth Amendment rights when they used force on Mr. Reed
15   on December 26, 2017.

16   ***42 U.S.C. §1983 claim  - Retaliation*** - Whether Defendant Stubbs violated Mr. Reed's
    First Amendment rights when he retaliated against him by using excessive force for filing
17   a grievance against another correction officer.

18           **2.   Dismissed Parties/Claims**

19       As a result of the various district court's orders, the following parties and claims are no

20   longer part of this litigation:

21       **a.  Parties Dismissed**

22           1.  All claims against Defendant Williams have been dismissed.

23           2.  All claims against Defendant Dzurenda have been dismissed.

24           3.  All claims against Defendant Nurse Buen have been dismissed.

25           4.  All claims against Defendant Nash have been dismissed.

26   _____
    [2] ECF 63.

27   [3] ECF 92.

28   [4] ECF. 131.

5.  All claims against Defendant Karsky have been dismissed.

6.  All claims against Corral Lagarda have been dismissed.

7.  All claims against Defendant Grant have been dismissed.

8.  All claims against Defendant Moreda have been dismissed.

9.  All claims against Defendant Brown have been dismissed.

**b.  Claims dismissed**

1.  The portion of Mr. Reed's Count I alleging: (1) violations of Fourteenth Amendment Due Process Clause and the Nevada Tort Claim; (2) violation of NRS §200.481 are dismissed.

2.  Mr. Reed's Count II related to his Eighth amendment failure to protect claim is dismissed.

3.  Mr. Reed's Count III related to his Fourteenth amendment due process claim is dismissed.

## II.   STATEMENT OF JURISDICTION

This Court has jurisdiction over this lawsuit because Mr. Reed's claims are brought pursuant to 42 U.S.C. §1983.

## III.   STATEMENT OF ADMITTED FACTS

1.  Mr. Reed has demanded a jury trial.

2.  Defendants Stubbs, Rivera and Dicus were acting in the course and scope of their employment with the Nevada Department of Corrections at all times relevant to this litigation.

3.  Defendants Stubbs, Rivera and Dicus used force on Mr. Reed on December 26, 2017.

4.  As a result of the interaction between Mr. Reed and Defendants Stubbs, Rivera and Dicus, Mr. Reed suffered injuries.

5.  Mr. Reed was transported to University Medical Center on December 26, 2017.

6.  Mr. Reed received staples on his head while at University Medical Center on December 26, 2017.

7.  Mr. Reed filed a grievance against Correction Officer Nelson in early December

2017.

8.      The filing of a grievance/complaint whether it be verbal or written, formal or informal is protected conduct.

## IV.    STATEMENT OF UNCONTESTED FACTS

The following facts, although not admitted, will not be contested at trial by evidence to the contrary: None.

## V.    STATEMENT OF CONTESTED ISSUES OF FACT

The following are the issues of fact to be tried and determined upon trial.

1. Whether Defendant Stubbs used force against Mr. Reed because he was retaliating against him for filing a grievance against CO Nelson.

2. Whether the Defendants used unreasonable force.

3.  Whether the force used caused Mr. Reed any injury.

4. Whether if the Defendants used unreasonable force, the force was the proximate cause of any medical treatment received by Mr. Reed.

## VI.    STATEMENT OF CONTESTED ISSUES OF LAW

The following are the issues of law to be tried and determined upon trial.

1. Whether the Defendants violated Mr. Reed's Eighth amendment right to be free from excessive force.

   a.  Whether the force used against Mr. Reed was excessive and unreasonable;

   b.  Whether the defendants acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and;

   c.  Whether the defendants caused harm to Mr. Reed.

2. Whether Defendant Stubbs violated Mr. Reed's First amendment right to free speech.

   a.  Whether Stubbs used force against Mr. Reed because Reed filed a grievance;

   b.  Whether Stubbs actions chilled Mr. Reed's exercise of his First amendment rights;

4

        c.    Whether the use of force did not reasonably advance a legitimate correctional goal.

## VII.    **EXHIBITS**

**A.    THE FOLLOWING EXHIBITS ARE STIPULATED INTO EVIDENCE IN THIS CASE AND MAY BE SO MARKED BY THE CLERK:**

**Joint Exhibits:**

    a**.**    Photographs of Mr. Reed's injuries (Deft Rule 26 Disclosure 70-75).

    b.    Video of Mr. Reed after the incident

    c.    Mr. Reed's Medical Records

    d.    Administrative Regulation 405 -Use of Force Policy (NDOC 43-60).

    e.    Housing Assignment (Deft Rule 26 Disclosure 56)

**B.    AS TO THE FOLLOWING EXHIBITS, THE PARTY AGAINST WHOM THE SAME WILL BE OFFERED OBJECTS TO THEIR ADMISSIONS UPON THE GROUNDS STATED.**

**Plaintiff's Exhibits:**

    a.    Grievances submitted by Mr. Reed relating to battery on 12/6/17 and 12/26/17.

    b.    Declarations of NDOC inmates that witnessed the incident.

    c.    Investigation Detail Report (Deft Rule 26 Disclosure 57-61).

Defendants object to the above exhibits based upon relevance, authentication and hearsay.

Defendants reserve the right to object at trial to any exhibits that the Plaintiff has identified as potential exhibits that may be admitted.

**Defendants' Exhibits:**

    a.    NOTIS Offender Information Summary.

    b.    NOTIS Disciplinary History Report

    c.    NOTIS Incident Detail Report IR-2017-HDSP-005674.

    d.    Offense in Custody ("OIC") 437294.

    e.    Grievance Log Numbers 2006-30-59543, 2006-30-61039, 2006-30-62159 and 2006-30-6392.

Plaintiff objects to the above exhibits based upon relevance, more prejudicial than

ClarkHill\99991\442856\267052175.v2-6/28/22

probative, authentication and hearsay. Plaintiff reserves the right to object at trial to any exhibits that the Defendants have identified as potential exhibits that may be admitted.

C.      **ELECTRONIC EVIDENCE:**

**Plaintiffs**: Plaintiff will present the video of Mr. Reed taken after the incident.  He reserves the right to present additional electronic evidence for purposes of jury deliberations or for demonstrative purposes only.

**Defendants**: Defendants reserve the right to present electronic evidence for purposes of jury deliberations or for demonstrative purposes only.

D.      **DEPOSITIONS**

No depositions were taken in this matter so therefore no deposition transcripts will be offered.

VIII.   **THE FOLLOWING WITNESSES MAY BE CALLED AT TRIAL:**

A.      **PLAINTIFF INTENDS TO CALL THE FOLLOWING WITNESSES:**

1.      David Reed

2.      COR UMC

3.      Varrice Williams

4.      John Bonner

5.      Kenyonne Brown

6.      Jonathan Rivera

7.      Aaron Dicus

8.      Brandon Stubbs

9.      Medical providers with NDOC

10.     Treating doctor at UMC

B.      **DEFENDANTS INTEND TO CALL THE FOLLOWING WITNESSES:**

1.      Paul Karsky

2.      Jonathan Rivera

3.      Aaron Dicus

4.      Brandon Stubbs

5.      Julio Corral-Lagarda

6.      Henry Grant

7.      Lt. Patrick Moreda

8.      Lt. Guy Brown

9.      Raymond Gray

10.     Tyler Swanke

11.     James Dzurenda

12.      Charles Daniels

13.     Medical providers with NDOC

14.     Grievance Responders

15.     Michael Minev, MD

16.     COR – Prison records

**C.     PLAINTIFF RESERVE THE RIGHT TO CALL THE FOLLOWING WITNESSES:**

Plaintiff reserves the right to call any of the Defendants' listed witnesses. In addition, Plaintiff reserves the right to call:

1.      Anthony Petty

2.      Krystle Sze

3.      Paul Karsky

4.      Julio Corral-Lagarda

5.      Henry Grant

6.      Lt. Patrick Moreda

7.      Lt. Guy Brown

8.      Raymond Gray

9.      Tyler Swanke

7

10.     James Dzurenda

11.     Charles Daniels

12.     Medical providers with NDOC

13.     Grievance Responders

14.     Michael Minev, MD

15.     COR – Prison records

   **D.     DEFENDANTS RESERVE THE RIGHT TO CALL THE FOLLOWING WITNESSES:**

   Defendants reserve the right to call any witnesses listed by the Plaintiff.

**I.     MOTIONS IN LIMINE**

   No Motions in Limine are currently pending.  The parties reserve the right to file Motions in Limine in accordance with LR 16-3(a).

**IX.     TRIAL DATES**

   Counsel have met and hereby submit a list of three (3) agreed-upon trial dates:

   1.     February 21, 2023

   2.     February 27, 2023

   3.     March 6, 2023

   It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible, if not, the trial will be set at the convenience of the court's calendar.

//

//

//

//

8

1

**X.      TIME FOR TRIAL**

2

   It is estimated that the trial will take a total of 4 days.

3

   APPROVED AS TO FORM AND CONTENT:

4

Respectfully submitted this 29th day of June 2022.

5

**CLARK HILL, PLLC**                              **ATTORNEY GENERAL'S OFFICE**

6

*/s/ Paola M. Armeni, Esq.*                         */s/ Douglas R. Rands, Esq.*

7

PAOLA M. ARMENI                              DOUGLAS R RANDS
Nevada Bar No. 8357                              Nevada Bar No. 3572

8

GIA N. MARINA                                   Senior Deputy Attorney General
Nevada Bar No. 15276                             Public Safety Division

9

3800 Howard Hughes Pkwy., #500                   100 North Carson Street
Las Vegas, Nevada 89169                          Carson City, NV  89701

10

*Attorney for Plaintiff David Levoyd Reed*          *Attorney for the Defendants*

11

*in conjunction with Legal Aid of Southern*
*Nevada*

12

13

**XI.      ACTION BY THE COURT**

14

   This case is set down for jury trial on the stacked calendar on <u>February 27, 2023</u> at

15

<u>9:00 a.m.</u>  Calendar call is set for <u>February 16, 2023</u>, at <u>9:30 a.m.</u> in courtroom 6B.

16

17

18

_____
CRISTINA D. SILVA

19

UNITED STATES DISTRICT JUDGE

20

DATED:  June 30, 2022

21

22

23

24

25

26

27

28

9